UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO P. ROSAS,<br><br>Petitioner,<br><br>v.<br><br>S. GARCIA, Warden,<br><br>Respondent. | NO. CV 10-1169-GAF (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Amended Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

On November 19, 2010, the Magistrate Judge filed a Report and Recommendation. (Dkt. No. 11.) In response to objections filed by Petitioner on December 8, 2010 (Dkt. No. 13), and an addendum to those objections filed on January 24, 2011 (Dkt. No. 14), the Magistrate Judge filed an Amended Report on February 14, 2012, in which she found that all three grounds had been

procedurally defaulted and, alternatively, that the California Court of Appeal's decision on the merits was not contrary to, or an unreasonable application of, clearly established federal law. (Amended Report at 6-12.) The Magistrate Judge also found that the new claims raised in the addendum of ineffective assistance of counsel were unexhausted, even though he had an opportunity to raise them on state habeas. (*Id.* at 12.)

Petitioner states that his "primary language is Spanish, and [he] has minimal English Language ability." (Objections at 1.) He states he is "unable to utilize the prison law library on par with other English speaking inmates and is completely dependent on other inmates to 'assist' him with his filings and pleadings to the courts." (*Id.*) He states that he recently lost "his prior inmate assistant" but has a new "temporary assistant." (*Id.* at 1-2.)

Petitioner does not challenge the recommended disposition of the petition. Instead, he argues that as a Spanish-speaking inmate, he is entitled to return to California to pursue the unexhausted claims of ineffective assistance and "potential additional claims undiscovered as yet," and the Court should appoint counsel to assist him. (*Id.* at 2.) In addition to appointment of counsel, Petitioner requests a stay pursuant to *Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). To obtain a *Rhines* stay, a petitioner must show good cause for his failure to exhaust his claims in the California Supreme Court. *Id.* A petitioner must also show that his unexhausted claims are "potentially meritorious" and he has not engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Petitioner has not shown that his unexhausted claims (some of which are unidentified) are meritorious. Nor has he shown any reason for not having raised these claims in California earlier. Essentially, Petitioner's grounds here have been found to be without merit, and he wishes assistance of counsel to scour the trial record to hopefully find possible grounds for relief. Petitioner's requests are DENIED.

2

1   IT IS ORDERED that judgment be entered denying the petition and
2   dismissing this action with prejudice.

4   DATED: ___April 18, 2012_____   _____
                                        GARY A. FEESS
                                        United States District Judge